# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| WILLIAM E. JOHNSON,<br>*Plaintiff* | §<br>§<br>§ | |
| v. | §<br>§ | A-22-CV-405-LY-SH |
| STATE OF TEXAS, ET AL.<br>*Defendants* | §<br>§<br>§<br>§ | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court is Plaintiff's Motion for Leave to File *In Forma Pauperis* (Dkt. 2), filed April 29, 2022 (Dkt. 2), and Plaintiff's Complaint (Dkt. 1). The District Court referred this case to the undersigned Magistrate Judge, pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, and the Standing Order Regarding Court Docket Management of Cases Seeking Judicial Review of Social Security Decisions for the Austin Division. Dkt. 3.

### I.   Analysis

Plaintiff brings this lawsuit under the Civil Rights Act of 1964, 42 U.S.C. § 1983, alleging that the Texas Sex Offender Registration Program is unconstitutional. Plaintiff also seeks leave to file this lawsuit *in forma pauperis* without the payment of fees under 28 U.S.C. § 1915. Because Plaintiff did not include a financial affidavit in support of his motion, on May 5, 2022, the Court ordered Plaintiff to file a financial affidavit by May 16, 2022. Dkt. 4. The Court also warned Plaintiff that failure to comply with the order could result in the dismissal of his case for want of prosecution.

Plaintiff has failed to timely file a financial affidavit. Under Federal Rule of Civil Procedure 41(b), a district court may dismiss an action if a plaintiff fails to prosecute or comply with any order of court.

*McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). "The court possesses the inherent authority to dismiss the action *sua sponte*, without motion by a defendant." *Id.* Because Plaintiff failed to abide by the Court's order and failed to prosecute this case, this lawsuit should be dismissed under Rule 41(b).

## II.     Recommendation

For the foregoing reasons, the undersigned **RECOMMENDS** that the District Court **DISMISS** William E. Johnson's lawsuit without prejudice pursuant to Rule 41(b) and **DISMISS** all Motions as **MOOT**.

The Court **FURTHER ORDERS** the Clerk to **REMOVE** this case from the Magistrate Court's docket and **RETURN** it to the docket of the Honorable Lee Yeakel.

## III.     Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on May 31, 2022.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE