**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **WILLIAM E. JOHNSON,** §<br>*Plaintiff* §<br> §<br>**v.** §<br> §<br>**STATE OF TEXAS, ET AL.** §<br>*Defendants* § | | **A-22-CV-405-LY-SH** |

## ORDER AND REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE LEE YEAKEL
       UNITED STATES DISTRICT JUDGE

Before the Court are Plaintiff's Motion for Leave to File *In Forma Pauperis*, filed April 29, 2022 (Dkt. 2); Plaintiff's Application to Proceed *In Forma Pauperis* and Financial Affidavit in Support, filed June 1, 2022 (Dkt. 7); and Plaintiff's Complaint (Dkt. 1). The District Court referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, and the Standing Order Regarding Court Docket Management of Cases Seeking Judicial Review of Social Security Decisions for the Austin Division. Dkt. 8.

### I.   General Background

Plaintiff William E. Johnson brings this lawsuit under 42 U.S.C. § 1983, alleging that the Texas Sex Offender Registration Program, codified at Chapter 62 of the Texas Code of Criminal Procedure ("Chapter 62"),[1] is unconstitutional. Dkt. 1. Plaintiff also seeks leave to file this lawsuit *in forma pauperis* without the payment of fees under 28 U.S.C. § 1915.

---

[1] Chapter 62's registration requirements apply retroactively to all persons with a "reportable conviction or adjudication occurring on or after September 1, 1970," for several enumerated sex offenses. TEX. CODE CRIM. PROC. ANN. ARTS. 62.001(5), .002(a) (West 2021).

1

Because Plaintiff did not include a financial affidavit in support of his original Motion for Leave to Proceed *In Forma Pauperis* (Dkt. 2) and did not comply with the Court's Order to file such an affidavit, on May 31, 2022 the undersigned Magistrate Judge issued a Report and Recommendation that the District Court dismiss Plaintiff's lawsuit without prejudice pursuant to Federal Rule of Civil Procedure 41(b). Dkt. 5. After the Court issued its Report and Recommendation, Plaintiff filed another Motion to Proceed *In Forma Pauperis*, which included a financial affidavit. Dkt. 7. On August 1, 2022, the District Court again referred the case to the undersigned Magistrate Judge. Dkt. 8. The Court now reviews Plaintiff's second request to proceed *in forma pauperis*.

## II.     Request to Proceed *In Forma Pauperis*

After reviewing his Application to Proceed *In Forma Pauperis* and Financial Affidavit in Support, the Court finds that Plaintiff is indigent. Accordingly, the Court hereby **GRANTS** Plaintiff *in forma pauperis* status (Dkt. 2, 7) and **ORDERS** his Complaint to be filed without pre-payment of fees or costs or giving security therefor, pursuant to 28 U.S.C. § 1915(a)(1). This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Plaintiff is further advised that although he has been granted leave to proceed *in forma pauperis*, a Court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

The Court has conducted a review of the claims made in the Complaint under 28 U.S.C. § 1915(e) and recommends that Plaintiff's lawsuit should be dismissed. Therefore, service on Defendants should be withheld pending the District Court's review of these recommendations.

### III.     Section 1915(e)(2) Frivolousness Review

Because Plaintiff has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review his Complaint under § 1915(e)(2).

**A. Standard of Review**

The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure that "indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Section 1915(a) allows a litigant to commence a civil or criminal action in federal court *in forma pauperis* by filing in good faith an affidavit stating that he is unable to pay the costs of the lawsuit. 28 U.S.C. § 1915(a)(1). "Congress recognized, however, that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke*, 490 U.S. at 324. To prevent such abusive litigation, § 1915(e) authorizes federal courts to dismiss a claim filed *in forma pauperis* "at any time" if the court determines that the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "Dismissals on these grounds are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke*, 490 U.S. at 324.

A claim is frivolous when "it lacks an arguable basis either in law or in fact." *Id.* at 325; *see also Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009). A complaint lacks an arguable basis in law "if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). A complaint lacks an arguable basis in fact "if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice to state a claim upon which relief may be granted. *Id.*

### B. Plaintiff's Lawsuit Should Be Dismissed

Plaintiff brings this case under 42 U.S.C. § 1983 against the State of Texas and Texas "Enforcement Officers," alleging that Chapter 62 is an unconstitutional *ex post facto* law. Dkt. 1 at 1. Plaintiff also seeks an injunction under the All Writs Act barring the State of Texas and "Texas Law Enforcement officials, Texas Parole Officials, Federal agents, etc." from enforcing Chapter 62. *Id.* Plaintiff's claims are barred by the Eleventh Amendment and fail to state a claim for relief.

#### 1. Plaintiff's Claims Against the State of Texas

The Eleventh Amendment provides: "The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. The Eleventh Amendment codified the sovereign immunity of the states. *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267 (1997). "Sovereign immunity is the privilege of the sovereign not to be sued without its consent." *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011). "A State may waive its sovereign immunity at its pleasure, and in some circumstances Congress may abrogate it by appropriate legislation. But absent waiver or valid

abrogation, federal courts may not entertain a private person's suit against a State." *Id.* at 253-54 (citation omitted). "This jurisdictional bar applies regardless of the nature of the relief sought." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).

It is well established that sovereign immunity applies not only to actions in which a state itself is the named defendant, but also to actions against state agencies and instrumentalities. *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997). "[A] suit against an arm or instrumentality of the State is treated as one against the State itself." *Lewis v. Clarke*, 137 S. Ct. 1285, 1293 (2017). Similarly, lawsuits brought against employees in their official capacity "represent only another way of pleading an action against an entity of which an officer is an agent," and they also may be barred by sovereign immunity. *Kentucky v. Graham*, 473 U.S. 159, 165-166 (1985). "In short, Eleventh Amendment immunity is not limited to cases in which states are named as defendants. So, unless the state has waived sovereign immunity or Congress has expressly abrogated it, the Eleventh Amendment bars the suit." *City of Austin v. Paxton*, 943 F.3d 993, 997 (5th Cir. 2019), *cert. denied*, 141 S. Ct. 1047 (2021). Courts should look to whether the sovereign is the real party in interest to determine whether sovereign immunity bars the suit. *Lewis*, 137 S. Ct. at 1290. In making this assessment, courts "may not simply rely on the characterization of the parties in the complaint, but rather must determine in the first instance whether the remedy sought is truly against the sovereign." *Id.*

In *Ex parte Young*, 209 U.S. 123 (1908), the Supreme Court created a limited exception to sovereign immunity under which "a litigant may sue a state official in his official capacity if the suit seeks prospective relief to redress an ongoing violation of federal law." *Williams ex rel. J.E. v. Reeves*, 954 F.3d 729, 736 (5th Cir. 2020). There are three basic elements of a lawsuit under *Ex parte Young*. The suit must (1) be brought against state officers who are acting in their official

capacities; (2) seek prospective relief that will redress ongoing conduct; and (3) allege a violation of federal, not state, law. *Reeves*, 954 F.3d at 736. In addition:

> In making an officer of the state a party defendant in a suit to enjoin the enforcement of an act alleged to be unconstitutional, it is plain that such officer must have some connection with the enforcement of the act, or else it is merely making him a party as a representative of the state, and thereby attempting to make the state a party.

*Young*, 209 U.S. at 157.

Plaintiff brings this action under § 1983 against the State of Texas and unnamed state and federal "enforcement officers." Dkt. 1 at 1. Congress did not abrogate the states' sovereign immunity when it enacted § 1983 and Texas has not waived it for purposes of § 1983 actions. *NiGen Biotech, L.L.C. v. Paxton*, 804 F.3d 389, 394 (5th Cir. 2015). Accordingly, Plaintiff's lawsuit against the State of Texas is barred by the Eleventh Amendment and Court lacks jurisdiction over it.

To the extent that Plaintiff's claims against the individual officers fall within the *Ex parte Young* exception, those claims should be dismissed for failure to state a claim on which relief can be granted, as explained below.

### 2. Plaintiff's Claims Against the Individual Officers

To state a claim under § 1983, Plaintiff must allege a violation of a right secured by the Constitution or laws of the United States and that the deprivation was committed by a person acting under color of state law. *Sw. Bell Tel., LP v. City of Houston*, 529 F.3d 257, 260 (5th Cir. 2008). Plaintiff cannot make such a showing because the Supreme Court and Fifth Circuit Court of Appeals have held that "the retroactive application of laws requiring sex offender registration does not violate the *Ex Post Facto* Clause." *Comeaux v. Stephens*, 616 F. App'x 167, 168 (5th Cir. 2015) (citing *Smith v. Doe*, 538 U.S. 84, 104 (2003) ("The State's determination to legislate with respect to convicted sex offenders as a class, rather than require individual determination of their

dangerousness, does not make the statute a punishment under the *Ex Post Facto* Clause.")). As the Fifth Circuit recently explained in *Does 1-7 v. Abbott*, 945 F.3d 307, 313 (5th Cir. 2019): "A statute can violate the *Ex Post Facto* Clause only if the statute is punitive." In *Does 1-7*, the Fifth Circuit held that Chapter 62 is not punitive. *Id.* at 315. Because the statute is not punitive, "constitutional challenges to Chapter 62 on *ex post facto*, Eighth Amendment, due process, and other similar grounds either are frivolous or fail to state a plausible claim." *Id.* at 311.

Accordingly, Plaintiff's lawsuit should be dismissed as frivolous and for failure to state a claim on which relief can be granted. *See id.* at 312 (affirming dismissal of *ex post facto* challenge to Chapter 62 for failure to state a claim).

## IV.   Order and Recommendation

Based on the foregoing, the undersigned Magistrate Judge **GRANTS** Plaintiff's Motions to Proceed *In Forma Pauperis* (Dkts. 2, 7) and **RECOMMENDS** that the District Court **DISMISS** Plaintiff's lawsuit under 28 U.S.C. § 1915(e)(2)(B).

## V.   Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C.

7

§ 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

    **SIGNED** on August 11, 2022.

                                                SUSAN HIGHTOWER
                                                UNITED STATES MAGISTRATE JUDGE